NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MACHIC MIGUEL SANCHEZ, | No. 08-70189 |
| Petitioner, | |
| v. | Agency No. A072-684-741 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN,  and FISHER, Circuit Judges.

Machic Miguel Sanchez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009) and review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's finding that, even if credible, Sanchez failed to establish the threats he received rose to the level of persecution, *see Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005), or that he suffered past persecution or has a well founded fear of future persecution on account of a protected ground, *see INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992) (attempted recruitment by guerillas, without more, is insufficient to establish persecution or well-founded fear on account of political opinion). Further, Sanchez's contention that the BIA failed to consider his recruitment claim is belied by the record. Accordingly, Sanchez's asylum claim fails.

Because Sanchez has not met the standard for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's conclusion that Sanchez is not eligible for CAT relief because he failed to show it is more likely than not he

would be tortured if removed to Guatemala.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

Finally, we reject Sanchez's contention that his due process rights were violated by the IJ's bias.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**